**WO**                                                                                     SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny T. Goswick, ) | No. CV 06-0096-TUC-DCB |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dora Schriro, et al., ) | |
| Defendants. ) | |

Plaintiff Johnny T. Goswick, who is confined in the Arizona State Prison Complex, filed this civil rights action against various officials of the Arizona Department of Corrections (ADC). Plaintiff moved for a Temporary Restraining Order and Preliminary Injunction asking the Court for an order directing Defendants to provide Plaintiff medical footwear and an enhanced diet and to immediately begin treatment for Plaintiff's hepatitis C. (Doc. #21.) Defendants responded, and Plaintiff replied. (Doc. ##26, 31.) By Order dated May 7, 2007, the Court denied the motion, with leave to renew with appropriate medical evidence, insofar as Plaintiff's requested shoes and a special medical diet. The Court also ordered Defendants to show cause within 20 days of the date of the Order why the Court should not order Defendants to immediately begin drug therapy treatment for Plaintiff's hepatitis C.

On May 29, 2007, Defendants filed their Response to the Order to Show Cause, which they supplemented on June 20, 2007. (Doc. #42, 44.) After reviewing the Responses and attached affidavits, as well as Plaintiff's Notice Regarding Defendants' Response to Order

to Show Cause (Doc. #45), the Court will deny Plaintiff's motion for an order directing Defendants to immediately begin drug treatment for Plaintiff's hepatitis C but will require Defendants to provide periodic status reports regarding Plaintiff's progress in completing the Substance Abuse Program and Defendants' progress in completing the steps for approval of Plaintiff's drug therapy and providing treatment for his hepatitis C.

**I.     Background**

In his Complaint, Plaintiff brought three counts for relief, including one regarding the alleged denial of medical care for his hepatitis C. Specifically, Plaintiff alleged that he had been requesting treatment for his hepatitis C since October 2000 (Doc. #1 at 5). He alleged that he continuously requested diagnostic tests to determine the progression of the disease and treatment for the condition, but Defendants refused to treat him (id. at 5b). The Court ordered Defendants to answer the count. Plaintiff subsequently filed a Motion for a Preliminary Injunction.

After reviewing the parties' initial filings on the motion, the Court found the following facts to be undisputed: (1) Plaintiff has hepatitis C, a chronic, progressive disease, (2) the disease requires drug therapy, and (3) Plaintiff is receiving no treatment. According to Defendants' evidence, Plaintiff's disease has progressed to Stage 2 and he has genotype 1 hepatitis, which requires a course of treatment twice as long as patients with genotype 2 or 3. Defendants asserted, however, that Plaintiff must first complete a drug abuse program and that in June 2006 he was put on a waiting list for the program. But, as of December 2006 when Defendants submitted their opposition to the motion for preliminary relief, Plaintiff was apparently not yet in a such a program. Plaintiff asserted that he had already undergone substance abuse treatment and that there was no such program at Santa Rita and no waiting list. The Court noted that Defendants provided no evidence or even information regarding when the next substance abuse program was scheduled to begin and did not claim that Plaintiff is a current drug abuser.

Because neither Plaintiff nor the Court knew when or if Defendants would provide treatment to Plaintiff, the Court directed Defendants to show cause why the Court should not

1 order Defendants to immediately provide Plaintiff drug therapy treatment for his hepatitis C.
2 Specifically, the Court directed Defendants to state whether Plaintiff had completed a
3 substance abuse program while in the custody of ADC, and if so, why that did not satisfy the
4 requirements of the ADC hepatitis protocol; to state why Plaintiff could not complete such
5 a program while he underwent drug therapy treatment; to provide evidence of a drug abuse
6 program that is currently available to Plaintiff and a date certain when Plaintiff will begin the
7 program; to state whether there is evidence that Plaintiff is a current drug abuser; and to
8 provide the Court with a date certain on which Plaintiff's drug therapy would begin.

9 Defendants responded by stating that Plaintiff began an HCV drug abuse program on
10 May 18, 2007; the program is a self-study, workbook series. Defendants also admitted that
11 Plaintiff has not had a drug abuse violation in more than five years and has taken other drug
12 abuse programs. They did not explain why the required drug abuse program could not be
13 taken concurrently with the hepatitis drug therapy.

14 The Court issued a second order to show cause directing Defendant to state when
15 Plaintiff had taken the other drug abuse programs. According to Defendants' response,
16 Plaintiff has taken two drug abuse programs since the time of his last drug violation. In
17 addition, Defendants now assert that the required drug abuse program and the drug therapy
18 are generally not done concurrently because providing the drug therapy creates a disincentive
19 to complete the drug abuse program and because the side effects of the drug therapy can
20 make an individual too sick to complete the drug abuse program. Plaintiff filed a Notice
21 Regarding Defendants' Response to Order to Show Cause.

22 **II.     Motion for Preliminary Injunction**

23     **A.     Legal Standard**

24 A preliminary injunction is an extraordinary and drastic remedy and will not be
25 granted absent a clear showing of likely success in the underlying claim and possible
26 irreparable injury. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*);
27 Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005); Pratt v. Rowland, 65 F.3d
28 802, 805 (9th Cir. 1995). Alternately, a party may show that serious questions going to the

- 3 -

1 merits were raised and the balance of hardships tips sharply in his favor. Warsoldier, 418
2 F.3d at 994. These two alternatives are extremes of a single continuum, rather than two
3 separate tests. Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir. 2004). Thus the greater
4 the relative hardship to the moving party, the less probability of success must be shown. Id.
5 (citing Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999)). Under either test,
6 the movant bears the burden of persuasion, Mattel, Inc. v. Greiner & Hausser GmbH, 354
7 F.3d 857, 869 (9th Cir. 2003), and must *demonstrate* a significant threat of irreparable injury.
8 AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

### B. Defendants' Responses to the Order to Show Cause

Defendants assert that Plaintiff is now enrolled in Defendants' HCV Substance Abuse Program, which is a self-study workbook program that can be completed in approximately four months. Defendants maintain that following completion of the Program, if existing medical and mental health assessments are not current, Plaintiff will need additional assessments before drug therapy is finally approved and instituted. Finally, Defendants assert that Plaintiff is in no immediate need of drug therapy based on the condition of his liver and the slow progression of the disease.

### C. Analysis—Irreparable Harm

Although a court may find irreparable harm where the movant's health is in imminent danger, see Al-Joudi v. Bush, 406 F. Supp.2d 13, 20 (D.D.C. 2005), mere "[s]peculative injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction." Caribbean Marine Services Co., Inc. v. Baldrige, 844 F. 2d 668, 674-675 (9th Cir. 1988). To meet the "irreparable harm" requirement, a Plaintiff must do more than merely allege imminent harm; he must demonstrate it. Id. at 674. Compare with Wilson v. Group Hospitalization and Medical Services, Inc., 791 F. Supp. 309, 313, 313-14 (D.D.C. 1992) (finding irreparable harm where the record contained evidence regarding a particular treatment for breast cancer and it was uncontroverted that without the chemotherapy treatment, the plaintiff would have died within months).

In support of their Responses to the Orders to Show Cause, Defendants submit the affidavits of James Baird, Medical Program Director of ADC, who is licensed to practice medicine in Arizona, and K. Hellman, Addictions Treatment Program Manager of ADC. (Baird Aff. #1, ¶ 1, Ex. A, Doc. #42 ; Hellman Aff. #1, ¶ 1, Ex. B, Doc. #42; Baird Aff. #2 ¶ 1, Ex. C, Doc. #44, and Hellman Aff. #2, ¶ 1, Ex. B, Doc. #44.)[1]  Dr. Baird states that Plaintiff has had a liver biopsy, which is the "gold standard to assess HCV progression and based on these results, and though under the [ADC] protocol he is eligible for the drug therapy (grades 2-4), [Plaintiff] *is in no immediate urgency to receive drug therapy* based on the condition of his liver and the naturally-slow progression of HCV." (Baird Aff. #1, ¶ 27 (emphasis added.))   Dr. Baird also states that Plaintiff has not yet been approved for drug treatment and must complete the HCV Substance Abuse Program and have current clinical and mental health assessments before approval, due to potential serious side effects of the drug therapy. (Id. at ¶¶ 22-24, 28, and 29.) He does not provide a time frame for completion of these assessments, final approval, or beginning the drug therapy.

K. Hellman states that due to a shortage of substance abuse counselors, ADC recently re-instituted and expanded a self-study, substance abuse workbook program for hepatitis C, entitled *A New Direction*. (Hellman Aff. #1, ¶ 5.) Hellman states that the ADC program uses four separate workbooks, which a motivated inmate can easily complete at the rate of one workbook per month. (Id. ¶ 11.) The workbooks are written at the fifth-grade level. (Id. ¶ 16.)  The inmate takes an open-book test after completing each workbook (id.).  A passing score is 70% and a failing test can be resubmitted. (Id.)   The affidavit contains a description of the contents of the workbooks. (Id. ¶¶ 11-15.) Hellman states that Plaintiff was enrolled in the workbook program on May 18, 2007, and has received his first workbook. (Id. ¶ 20.) In the June 20th report, Hellman asserts that Plaintiff has completed the first workbook and will receive the second workbook on June 29, 2007. (Hellman Aff. #2, ¶ 9.)

---

[1] With their second report, Defendants also submit the affidavit of C. Moody, Counselor Coordinator Administrator in the Program Services Division at ADC Central. (Moody Aff. Ex. A Doc. #44.)

Defendants admit that Plaintiff has completed other substance abuse programs. (Baird Aff. #1, ¶ 29.) However, they assert that the HCV Substance Abuse Program is geared toward the specific needs of HCV patients and "was developed and is delivered by licensed substance abuse professionals while the general substance abuse classes are taught by correctional officers III." (Id. ¶ 29; Hellman Aff.#1, ¶ 20.) According to Dr. Baird, the completed workbooks are reviewed by licensed Addiction Treatment Services counselors. (Baird Aff. #1, ¶ 30.) In the June 20th report, Defendants assert that while the required drug abuse program and the hepatitis drug therapy are generally not done concurrently, exceptions have been made when the patient's disease has advanced such that further delay will be harmful or when the patient's discharge from ADC custody is imminent. (Baird Aff. #2 ¶ 10.) Plaintiff does not fit either exception. (Id.).

Hellman also states that Plaintiff's Drug and Alcohol classification score "is at the highest level, indicating his persistent difficulties with substance abuse. He has continued to abuse drugs while incarcerated." (Hellman Aff. #1, ¶ 21.) Dr. Baird states that hepatitis can be contracted when inmates use infected needles for tattooing, that Plaintiff's medical records show he is covered in tattoos, and that Plaintiff has been found guilty of a tattoo violation. (Baird Aff. #1, ¶¶ 9 and 10.) Plaintiff's most recent ADC drug or tattoo violation occurred on January 19, 2002. (Baird Aff. #1, ¶¶ 13 and 14 and Doc. #42 at 4).) Plaintiff has taken two substance abuse programs since his last drug violation. (Moody Aff. ¶ 6.)

Thus, Plaintiff has had no drug violations in more than five years and has completed other substance abuse counseling programs since that time. At this time, the Court is not persuaded by Defendants' explanation regarding why the other drug programs are not sufficient to meet the ADC substance abuse prerequisite for treatment of hepatitis C. Although Defendants claim the new program is geared toward specific needs of HCV patients, the description of the workbooks never mentions hepatitis C or hepatitis C patients. Hellman describes the workbook program as "moderate treatment," as opposed to other programs, which are "intensive treatment." (Hellman Aff.#1, ¶ 4.) Moreover, although Dr. Baird asserts that the new program "is delivered by licensed substance abuse professionals while the

- 6 -

1  general substance abuse classes are taught by correctional officers III," the new program is,
2  in fact, self-study. It is not clear from Defendants' exhibits how it is "delivered" by substance
3  abuse professionals or how it differs in content from general substance abuse programs.[2]

4  Nevertheless, the Court finds that Plaintiff has not established that he will suffer irreparable harm without immediate drug therapy for the following reasons: (1) Dr. Baird represents that Plaintiff is not in immediate need of drug therapy treatment for his hepatitis C; (2) Dr. Baird states that Plaintiff has not yet received final approval for the treatment, which may require additional or current medical and mental health assessments; (3) Plaintiff is finally enrolled in the required substance abuse program, which he can complete in four months, and (4) completing the drug abuse program concurrently with the drug therapy is not recommended or, apparently, necessary in Plaintiff's case.[3] Therefore, the Court will deny Plaintiff's request for an order directing Defendants to immediately begin the drug therapy.

13  However, it is clear that Defendants have delayed providing treatment for Plaintiff's condition by requiring drug counseling that was not, in fact, available. For example, it appears that the loss of counselors occurred in May or June, 2006—about the time that Plaintiff was placed on the waiting list for the required substance abuse program and approximately six months *before* Defendants opposed Plaintiff's motion for preliminary relief and advised the Court that Plaintiff was on a waiting list for a program. (Hellman Aff. #1,¶5.) In addition, the Court notes that Plaintiff was not enrolled in the self-study workbook program until the Court issued its Order to Show Cause; the enrollment occurred approximately one week after issuance of the Order, which suggests that the enrollment was the result of the Court's action. Further, although Plaintiff apparently completed his first workbook sometime

---

[2] The Court makes no finding at this time, however, that ADC's protocol requiring completion of the additional drug abuse course unreasonably delays treatment.

[3] This finding does not preclude Plaintiff from demonstrating injury as a result of Defendants' alleged deliberate indifference.

1  before June 20th,[4] Defendants will not provide him with the second workbook until June 29th,
2  and they offer no explanation for the delay. Finally, Defendants provide no time frame for
3  the steps following Plaintiff's completion of the substance abuse program. Neither Dr.
4  Baird's affidavit nor the protocol annexed to Defendants' Opposition state when additional
5  assessments will be ordered relative to completion of the substance abuse program, when final
6  approval will take place after the assessments are completed, or when drug therapy will be
7  initiated following final approval (Doc. #26 , Ex. A, Attachment #1). Therefore, the Court
8  will require Defendants to provide a proposed time schedule addressing these omissions and
9  periodic status reports to the Court.

10 **III.     Proposes Schedule and Periodic Reporting**

11       The Court will direct Defendants to provide periodic status reports regarding
12 Plaintiff's progress in completing the self-study workbooks and Defendants' progress in
13 completing the steps for approval of Plaintiff's drug therapy and providing Plaintiff treatment
14 for his hepatitis C. Within 30 days of the filing of this Order, Defendants must provide the
15 Court the first status report stating whether Plaintiff successfully completed the second
16 workbook and if so, the date he was provided the third workbook. If Plaintiff did not receive
17 a passing score on any workbook, Defendants must state the date when it was returned to him,
18 and if and when he resubmitted it. Thereafter, Defendants must provide a new status report
19 every 30 days on the succeeding workbooks until such time as Plaintiff has completed the
20 self-study program.

21       In addition, within 30 days of the filing of this Order, Defendants must provide a
22 detailed schedule identifying each step remaining to determine Plaintiff's eligibility for
23 hepatitis drug therapy and the anticipated time frame to begin and complete each such step.
24 After Plaintiff has completed the self-study workbook program, Defendants must provide
25 periodic reports regarding their progress in completing the remaining steps as identified in the
26
27
28       [4] Plaintiff represents that he completed the first workbook in two weeks and has been waiting over three weeks to receive the second workbook. (Doc. #45 at 5.)

- 8 -

1  report. The Defendants must file status reports every 30 days to track Plaintiff's progress
2  through the remaining steps.
3  Accordingly,
4  **IT IS ORDERED:**
5      (1)  Plaintiff's Motion for a Temporary Restraining Order and Preliminary
6  Injunction requiring Defendants to immediately provide Plaintiff drug therapy treatment for
7  his hepatitis C (Doc. #21) is **denied**.
8      (2)  As outlined in the Order, Defendants must provide status reports regarding
9  Plaintiff's progress in completing the self-study workbooks and Defendants' progress in
10 completing the steps for approval of Plaintiff's drug therapy and providing Plaintiff treatment
11 for his hepatitis C. The proposed schedule and first status report must be provided within 30
12 days of the filing of this Order.
13     DATED this 11th day of July, 2007.

David C. Bury
United States District Judge